IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON J. MOORE, | : | Civ. No. 3:22-CV-2073 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| ERIC JAMES FILER, et al., | : | |
| Defendants. | : | |

MEMORANDUM OPINION

I. Introduction

This case comes before us for consideration of four motions to dismiss filed by the defendants. (Docs. 20, 22, 34, 38). The plaintiff, Braxton Moore, an inmate incarcerated in the Pennsylvania Department of Corrections, filed this action alleging violations of his constitutional rights during his state criminal proceedings and while housed at the Schuylkill County Prison in 2021 and 2022. (Doc. 1). Moore asserts these claims against his state criminal defense attorney, Eric Filer; Schuylkill County, Warden David Wapinsky, and Counselor Frank Menne; the Commonwealth of Pennsylvania; and the United States of America. (*Id.*).

After consideration, we conclude that the plaintiff's claims against these defendants fail as a matter of law. Accordingly, we will grant the defendants' motions to dismiss.

## II. Background

Braxton Moore filed this action on December 30, 2022. (Doc. 1). The complaint asserts that Moore was involved in state court criminal proceedings in Schuylkill County, Pennsylvania,[1] and Eric Filer was appointed to represent him as his criminal defense attorney. (*Id.* at 4). A preliminary hearing was held in Moore's case on January 12, 2021, during which he contends that Filer unlawfully recorded the preliminary hearing on his cellphone. (*Id.*).

While Moore was involved in these state criminal proceedings, he was incarcerated at the Schuylkill County Prison. (Doc. 1 at 4). His complaint alleges that while at the prison in October of 2022, a counselor,

---

[1] A search of the public docket reveals that Moore was charged with a felony count of firearms not to be carried without a license and a misdemeanor count of use/possession of drug paraphernalia. *Commonwealth of Pennsylvania v. Moore*, MJ-21301-CR-0000231-2020. Moore ultimately pleaded guilty to these charges in February of 2023 and received a sentence of 2-4 years' imprisonment, *Commonwealth of Pennsylvania v. Moore*, CP-54-CR-0000184-2021, and is currently serving his sentence at the State Correctional Institution at Frackville.

2

Frank Menne, printed out a transcript of his preliminary hearing and gave it to Moore "with reckless indifference." (*Id.*). He further alleges that he made numerous requests to Menne and to the Warden, David Wapinsky, through the inmate grievance system and his requests were ignored. (*Id.*). It appears that Moore is alleging that his requests were ignored for discriminatory reasons. (*Id.*).

Thus, Moore filed the instant civil rights action, naming Filer, Menne, Wapinsky, Schuylkill County, the Commonwealth of Pennsylvania, and the United States of America. (Doc. 1). Liberally construed, Moore asserts his claims against these defendants under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. The defendants have now filed motions to dismiss the complaint, asserting that the plaintiff has failed to state any plausible claims against them. (Docs. 20, 22, 34, 38).

After consideration, we agree. The plaintiff's complaint fails to state a claim against these defendants. Accordingly, we will grant the defendants' motions to dismiss.

III. Discussion

A. Motion to Dismiss – Standard of Review

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are

5

based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

B. <u>The Defendants' Motions to Dismiss will be Granted.</u>

There are four motions to dismiss pending before the court. The County, Menne, and Wapinsky have filed a motion to dismiss, contending that the plaintiff has failed to plead constitutional violations against them. (Doc. 20). Filer's motion to dismiss argues that Moore's § 1983 claim against him fails as a matter of law. (Doc. 22). The Commonwealth's motion to dismiss contends that it is entitled to immunity from any claims against it. (Doc. 34). Finally, the United States' motion argues that it is entitled to sovereign immunity. (Doc. 38). For his part, Moore has not responded to these motions individually; instead, he has filed a document entitled "Supplement," which largely

reiterates his claims against Filer, the County, Menne, and Wapinsky, but fails to address any claims against the Commonwealth or the United States. (Doc. 44).

After consideration, we conclude that the plaintiff's complaint fails as a matter of law as to all the named defendants. Accordingly, the motions to dismiss will be granted.

1. **The Commonwealth is Entitled to Eleventh Amendment Immunity and is not a "Person" under § 1983.**

At the outset, to the extent Moore wishes to sue the Commonwealth of Pennsylvania for the alleged constitutional violations in his complaint, any such claim fails because the Commonwealth is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment provides immunity to states and state agencies that are sued by citizens in federal court. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). The Commonwealth's immunity exists as a matter of law unless that immunity is waived or abrogated by Congress. The Commonwealth has expressly invoked its Eleventh Amendment immunity under 42 Pa. Cons. Stat. § 8521(b). This immunity is fatal to the plaintiff's claims against this defendant.

In addition, the plaintiff may not bring a damages action pursuant to § 1983 against the state or its agencies. It is well established that a state and its agencies are not "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, all claims against the Commonwealth will be dismissed.

2. **Moore has failed to State a Claim against the United States.**

Moore purports to bring a negligence claim against the United States under the Federal Tort Claims Act ("FTCA") to pierce the sovereign immunity of the United States and establish jurisdiction. However, we note that Moore's complaint is completely devoid of any substantive allegations against the United States. Rather, Moore merely names the United States as a defendant in the caption and checked a box indicating that he was bringing a negligence action against the United States under the FTCA. (Doc. 1 at 1). Additionally, Moore's claims relate solely to his state criminal proceedings and incarceration in county custody, and there are no allegations in the complaint relating to any federal government actors.

Therefore, we also conclude that this court lacks jurisdiction over this claim because the United States is entitled to sovereign immunity.

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* When Congress passed the FTCA, it waived sovereign immunity of the United Stated "for certain torts committed by federal employees." *Id.* (citing 28 U.S.C. § 1346(b)). The FTCA encompasses claims:

> "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Id.* at 477 (quoting 28 U.S.C. § 1346(b)).

Here, as we have noted, Moore's claims stem from allegations regarding his *state* criminal prosecution and custodial confinement during the pendency of those proceedings. Moore has failed to assert a valid FTCA claim against the United States, thereby failing to show that the United States has waived its sovereign immunity. Accordingly, any claims against the United States will be dismissed.

9

### 3. Moore's Claims against Filer Fail as a Matter of Law.

Moore also asserts claims against his state criminal defense attorney, Eric Filer, alleging that Filer unlawfully recorded Moore's preliminary hearing on his cellphone. He further alleges that Filer denied him the right to present witnesses at his preliminary hearing. However, to the extent Moore seeks to assert these claims pursuant to § 1983, these claims fail as a matter of law. It is well established that § 1983 requires a plaintiff to show that his rights were violated by "a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005). However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, any claims brought against Filer under § 1983 will be dismissed.

To the extent that Moore is alleging that Filer violated Rule 1910 of the Pennsylvania Code by recording his preliminary hearing, such a claim would also fail. Rule 1910 makes it unlawful to record judicial proceedings "without the approval of the court or presiding judicial officer or except as provided by rules of court." 201 Pa. Code § 1910. However,

as Filer points out, Pennsylvania Rule of Criminal Procedure 542 explicitly permits defense counsel to make an electronic record of preliminary proceedings. Pa. R. Crim. P. 542(C)(5). Here, Moore does not allege that he objected to Filer recording the preliminary hearing, or that the judicial officer presiding over the hearing prohibited Filer from recording the hearing. Accordingly, Moore's claim that Filer unlawfully recorded his preliminary hearing is meritless and will be dismissed.

### 4. Moore's Claims against the County Defendants Fail as a Matter of Law.

Finally, Moore asserts claims against the County, Wapinsky, and Menne, alleging that these defendants violated his constitutional rights by printing a copy of his preliminary hearing transcript and ignoring his requests for legal assistance. However, after consideration, we find that Moore has failed to state any cognizable claims against these defendants.

As to Moore's claims against Menne, we cannot conclude that Moore has stated a constitutional claim against this defendant. The allegations against Menne, a counselor at the Schuylkill County Prison, allege that in October of 2022, he printed a copy of Moore's preliminary hearing transcript and gave it to Moore "with reckless indifference." (Doc. 1 at 4). Further, Moore appears to assert that "it was an adverse employment

11

decision with a discriminatory intent for Frank Menne to print illegal transcripts off his computer to give me." (*Id.* at 5).

At the outset, to the extent Moore is asserting this claim under federal employment law, any such claim would fail as a matter of law since neither Menne nor the prison were Moore's employer. Additionally, to the extent Moore's complaint can be construed as asserting an Equal Protection claim based on his vague allegations regarding race and ethnicity (Doc. 1 at 5), Moore has failed to state a claim under the Equal Protection Clause. To state a claim under the Equal Protection clause, a plaintiff must show that he was purposefully discriminated against by a state actor because of his race. *Johnston v. Univ. of Pittsburgh of Com. System of Higher Education*, 97 F. Supp. 3d 657, 667 (W.D. Pa. 2015). Here, Moore's vague and conclusory allegations that Menne acted with a discriminatory intent when he printed Moore's transcripts fall woefully short of what is needed to state a claim under the Equal Protection Clause. Accordingly, the plaintiff's claims against Menne will be dismissed.

Moore also asserts that Wapinsky, along with Menne, ignored his requests for assistance that he made through the prison's inmate

grievance process. Again, Moore appears to assert that these actions were taken with some discriminatory intent toward him. (Doc. 1 at 4). As to this claim, to the extent Moore is claiming that his requests were ignored because of his race in violation of the Equal Protection Clause, he has again fallen short of what is needed to state a constitutional claim against these defendants. There are no allegations set forth in the complaint from which we can infer that any inaction or action taken by these defendants was done with a racially discriminatory intent. Accordingly, any claim brought against Wapinsky and Menne under the Equal Protection Clause will be dismissed.

Further, to the extent Moore is asserting a constitutional claim based on the prison grievance procedure and the defendants' failure to respond to his requests, it is well established that "[i]nmates do not have a constitutionally protected right to the prison grievance process." *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005). Additionally, a prison official's response, or lack of a response, to an inmate's grievance is insufficient to establish liability under § 1983. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006). Accordingly, Wapinsky's or Menne's

failure to adequately respond to Moore's grievance requests does not give rise to a constitutional violation, and these claims will be dismissed.

Finally, Moore names Schuylkill County as a defendant, presumably asserting a claim for *Monell*[2] liability against the County based upon the actions of these county prison officials. A municipal entity may be liable for a constitutional violation under § 1983 if the violation was a direct result of the entity's policy, custom or practice. *Monell*, 436 U.S. at 695. However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A plaintiff may show that either an official policy of the municipality was the moving force behind the violation, or that the municipality had an informal custom such that it operated as the municipality's policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *Monell*, 436 U.S. at 690. In either

---

[2] *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

14

scenario, the plaintiff has the burden to show that the policy or custom was implemented or acquiesced in by a policymaker. *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Further, in cases where a plaintiff is alleging a failure to train officers, the plaintiff must demonstrate that the "municipality's failure to train police officers . . . amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. To establish such a claim, the plaintiff must demonstrate "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents," coupled with "circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (citing *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997)).

In the instant case, Moore fails to assert any allegations against the County that would give rise to *Monell* liability. He does not assert that any policy or custom led to the allegedly unconstitutional conduct of which he complains. Rather, Moore does nothing more than name the

County as a defendant in the caption of this action. Accordingly, any claims against the County will be dismissed.

While we recognize that Moore is a *pro se* litigant and generally would be entitled to an opportunity to amend his complaint, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), in our view the claims are fundamentally flawed in several ways that cannot be cured by further amendment. Accordingly, we will dismiss these claims against these defendants with prejudice.

## IV.  Conclusion

For the foregoing reasons, the defendants' motions to dismiss (Docs. 20, 22, 34, 38) will be GRANTED, and the complaint will be dismissed with prejudice.

An appropriate order follows.


Submitted this 24th day of January 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge